# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DAVID JUSTICE,**
**Claimant Below, Petitioner**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-273**       (BOR Appeal No. 2058432)
                              (JCN: 2019017131)

**BONDED FILTER COMPANY LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner David Justice appeals the October 26, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Bonded Filter Company LLC ("Bonded") filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the June 13, 2022, decision of the Workers' Compensation Office of Judges ("OOJ"), with a modification as to reinstatement of total disability benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Justice was injured on February 8, 2019, while working for Bonded when a strong gust of wind blew over the ladder he was climbing. He landed on his left arm and shoulder and sustained injuries that were eventually determined to be compensable. Protracted litigation ensued regarding payment of various benefits and his claim has been subject to multiple protests and appeals before the OOJ and the Board. This case is one of two currently pending before this Court.[2]

---

[1] Petitioner is self-represented. Respondent is represented by Melissa M. Stickler, Esq.

[2] Mr. Justice has also filed case number 22-ICA-196, currently pending before this Court. That appeal pertains to the September 27, 2022, order of the Board in the same workers' compensation claim.

1

The Board's order under appeal in this case concerns a modification to the OOJ's underlying decision regarding the award of total disability benefits related to vocational rehabilitation. On February 5, 2021, the claim administrator issued an order granting vocational rehabilitation services and stating that Mr. Justice had been referred for those services. On February 9, 2021, Liberty Mutual Vocational Rehabilitation Consultant, Angeliki Bountovinas, wrote a letter to Mr. Justice memorializing their phone conversation earlier that day in which he expressed interest in receiving vocational rehabilitation services. She enclosed a disclosure form stating that her role as a qualified rehabilitation counselor would be to conduct an assessment, evaluate his employability, and "when appropriate develop an individualized vocational plan to achieve reasonable goals (e.g., vocational evaluation, assessment, testing, plan development, job placement, retraining)." She also confirmed their telephonic appointment for March 2, 2021, for a vocational assessment. However, Mr. Justice missed the call on March 2, (later citing the death of a close friend as his reason), and did not attempt to reschedule. Therefore, on March 15, 2021, Ms. Bountovinas completed a "hypothetical vocational assessment report" for Mr. Justice using information she gleaned from his medical records and research from various occupational reference guides regarding the skills and abilities she believed Mr. Justice would have acquired in his position at Bonded. Ms. Bountovinas noted that based on a functional capacity evaluation, Mr. Justice was limited to light duty, lifting a maximum of twenty pounds occasionally to waist level and ten pounds to shoulder level. She recommended several options for his return to work in positions that would not require previous experience or special skills that would pay comparable wages to what Mr. Justice made at Bonded and would be available in his metropolitan service area. Ms. Bountovinas wrote that she would provide no further services to Mr. Justice because he did not meet with her as scheduled but she asked him to contact her if he wanted to participate in placement services.

By order dated March 23, 2021, the claim administrator ordered that the "rehabilitation plan that was ordered on 02/05/2021 is now closed" because Mr. Justice did not complete the plan as ordered. Mr. Justice protested this closure. The OOJ, finding that Mr. Justice should be granted another opportunity to participate in vocational rehabilitation services in this claim, issued a decision dated June 13, 2022, which reversed the closure and ordered the vocational rehabilitation services be reinstated as they were authorized by the February 5, 2021, order. The OOJ's decision further ordered that "the total disability benefits pursuant to W. Va. § 23-4-9 also be reinstated from the date they were terminated until completion of the rehabilitation plan or rejection of the plan by the claimant." The employer appealed this decision.

By order dated October 26, 2022, the Board affirmed the OOJ's decision with the modification that total disability benefits pursuant to West Virginia Code § 23-4-9 (2005) would be reinstated from the date of the implementation of the rehabilitation plan. The Board concluded that the OOJ's analysis and conclusions related to the reinstatement of the total disability benefits were affected by an error of law. The Board noted that West

2

Virginia Code of State Rules §§ 85-15-2.2a and 85-15-7.1 (2005) provide that an injured worker who is fully participating in vocational rehabilitation services pursuant to a rehabilitation plan that has been implemented is entitled to temporary total rehabilitation benefits or temporary partial rehabilitation benefits as provided in West Virginia Code § 23-4-9, pointing out the critical distinction that the rehabilitation plan must have started before the worker is eligible to receive the benefits. Accordingly, the Board modified the OOJ's decision only to the extent that it instructed the benefits to be reinstated "from the date the implementation of the rehabilitation plan was begun." It is from the Board's order that Mr. Justice now appeals.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1)    In violation of statutory provisions;
> (2)    In excess of the statutory authority or jurisdiction of the Board of Review;
> (3)    Made upon unlawful procedures;
> (4)    Affected by other error of law;
> (5)    Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6)    Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

At the outset, we note that Mr. Justice's arguments on appeal are either indecipherable or outside the scope of the Board's October 26, 2022, order on appeal. The gist of his relevant argument seems to be that he has been inappropriately denied vocational rehabilitation services and/or benefits. The only issues before the Board were whether the OOJ erred in (1) reversing the claim administrator's order of March 23, 2021, and ordering that vocational rehabilitation services be reinstated as they were authorized by the February 5, 2021, order, and (2) ordering that the total disability benefits pursuant to West Virginia Code § 23-4-9 be reinstated from the date they were terminated until completion of the rehabilitation plan or rejection of the plan by Mr. Justice.

Upon review, we find no error in the Board's order. The Board adopted the findings of fact from the OOJ's decision, with a correction for a typographical error. The Board also noted that it agreed with the underlying analysis and conclusions of law, with the exception of the commencement of the reinstatement of total disability benefits. The Board cited West Virginia Code of State Rules §§ 85-15-2.2.a and 85-15-7.1 for the requirement that the benefits can be awarded only when the implementation of an authorized rehabilitation plan has begun, and modified the OOJ's decision to conform with this legal requirement. At the time of Mr. Justice's February 9, 2021, telephonic conference with Ms. Bountovinas, a vocational rehabilitation plan had not been approved or implemented. Thus, Mr. Justice has not shown any basis under our standard of review to disturb the Board's ruling and is entitled to no relief.

Accordingly, we affirm the Board's October 26, 2022, order.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen